UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| **DONNA HICKS,** | **CIVIL ACTION NO. 7:24-CV-37-KKC** |
| **Plaintiff,** | |
| V. | **OPINION AND ORDER** |
| **FERGUSON ENTERPRISES, LLC D/B/A FERGUSON PLUMBING SUPPLY,** | |
| **Defendant.** | |

*** *** ***

This matter is before the Court on Defendant Ferguson Enterprises, LLC's ("Ferguson") Motion for Summary Judgment (R. 26). For the following reasons, the Defendant's Motion is granted.

## I. FACTUAL BACKGROUND

The facts alleged in Plaintiff Donna Hicks' complaint lack detail. Accordingly, the facts are derived from Ferguson's Statement of Undisputed Material Facts (R. 26-2), which Hicks did not dispute or respond to.[1] This is a slip and fall negligence case.

On September 29, 2022, Hicks went shopping at Ferguson's store in Prestonsburg, Kentucky to purchase filters. (R. 26-2 ¶¶ 1, 3.) She was 75 years old at the time and was accompanied by her blind husband. (*Id.* ¶¶ 22, 25.) Hicks, who has limited vision due to a glass eye, fell while exiting the premises (*Id.* ¶ 23.)

---

[1] If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion and grant summary judgment if the motion and supporting materials show that the movant is entitled to it. *See* Fed. R. Civ. P. 56(e)(2), (3). Upon review of the entire record, the Court finds that Ferguson's Statement of Undisputed Material Facts is supported by the evidence. Because the material facts are not in dispute, granting summary judgement is proper in this case.

The store has two entrances ("front entrances") which are also exits. (*Id.* ¶ 27.) Both of the front entrances have one step and a large concrete landing that leads to the door. (R. 26-4 at 23.). Both front entrances also have a handicap accessible ramp and accompanying handrails. (R. 26-2 at ¶¶ 48, 49.) Ferguson installed the ramp and handrails at the front entrances to comply with the building code. (*Id.*)

There is another door to get inside the store on the same side of the building as the loading dock. (*Id.* at ¶ 30; *see* R. 26-4 at 23.) The Court will refer to this entrance as the side entrance. Similar to the front entrances, the side entrance features a single step rising to a concrete landing (R. 26-2 at ¶¶ 31, 32.) However, the side entrance does not have a ramp or handrails. (*Id.* at ¶ 33.)

The side entrance is commonly used by Ferguson's customers. (*Id.* at ¶ 36.) Hicks had been to the store numerous times and used the side entrance each time. (*Id.* at ¶¶ 38, 40.) Consistent with her previous visits, Hicks entered and exited through the side entrance on September 29, 2022. (*Id.* at ¶ 40.)

Upon exiting the store, Hicks fell while descending the side entrance's step. (*Id.* ¶ 1.) Hicks claims that either one or two people helped her stand up after the fall. (*Id.* ¶¶ 5, 7.) She also told the person or people who helped her stand up after the fall that she did not think she was hurt. (*Id.* ¶ 9.)

No falls at the side entrance were reported, according to Ferguson. (*Id.* at ¶ 41.) In fact, Ferguson has never received a complaint about the side entrance. (*Id.* at ¶ 43.) At the time of Hicks' fall, there was nothing obstructing the step, and it was not dark, raining, snowing, or wet. (*Id.* at ¶¶ 44–46.) The side entrance landing and step were in good working order. (*Id.* at ¶ 47.)

Almost three weeks after the fall, Hicks sought medical attention on October 19, 2022. (*Id.* ¶ 10.) An MRI taken after her fall showed multiple abnormalities in the right shoulder, including rotator cuff tears, muscle atrophy, tendinosis, and degenerative joint changes. (*Id.* at ¶ 18.) Notably, at a November 11, 2022 medical visit, Hicks reported having no recent injuries or trauma and said that she was suffering from chronic right shoulder pain on and off for years which got increasingly worse in the three months before the visit. (*Id.* at ¶¶ 12, 13.) Hicks declined physical therapy and opted to undergo surgery for a torn rotator cuff. (*Id.* ¶ 14.) She completed post-operation physical therapy. (*Id.* ¶ 16.)

On August 11, 2023, Hicks, filed the action entitled *Donna Hicks v. Ferguson Enterprises, LLC D/B/A Ferguson Plumbing Supply*, Case No. 23-CI-00456 in the Circuit Court for Floyd County, Kentucky. (R. 1 at 1.) Her complaint brings one count of negligence against Ferguson. (R. 1-1 at 1.) On May 23, 2024, Ferguson removed the action to this Court. (R. 1 at 1.) Ferguson later filed the subject Motion for Summary judgment. (R. 26.) Now that this matter is fully briefed, it is ripe for the Court's review.

## II. LEGAL STANDARD

### A. Federal Summary Judgment Standard

Hicks' Response cites only Kentucky state law in its summary judgment section. (*See* R. 27 at 1–3.) Hicks spends considerable time emphasizing the fact that awarding summary judgment is an "extraordinary remedy" in Kentucky. (*Id.*; *Shelton v. Kentucky Easter Seals Society, Inc.,* 413 S.W.3d 901, 916 (Ky. 2013)). This case has been removed to federal court. (R. 1-1.) In federal court, summary judgment practice is controlled by Federal Rule of Civil Procedure 56, not the summary judgment law of the state. *Schultz v. Newsweek, Inc.,* 668 F.2d 911, 917 (6th Cir. 1982). Summary judgment in federal courts in proper only where the federal standard is satisfied *Wilsmann v. Upjohn Co.*, 865 F.2d 1269 (6th Cir. 1989).

3

Under Federal Rule of Civil Procedure 56(c), a movant is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The United States Supreme Court has consistently approved and encouraged the use of summary judgments to dispose of claims having no genuine factual issues. *See e.g.*, *Celotex*, 477 U.S. 317.

Although a court must construe facts and draw reasonable inferences in the light most favorable to a non-movant, a non-movant must show sufficient evidence to create a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Klepper v. First Am. Bank,* 916 F.2d 337, 341-42 (6th Cir. 1990) (citing *Celotex*, 477 U.S. at 322).

"If a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," entry of summary judgment is appropriate. *Id.* (citing *Celotex*, 477 U.S. at 322). The Court's role is to determine whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986).

### B. Summary Judgement in Premises Liability Suits

In negligence cases, the existence of a duty is a question of law for the court, while questions regarding breach, injury, and causation are, generally, for the jury. *Bartley v. Commonwealth*, 400 S.W.3d 714, 726 (Ky. 2013) (citations omitted). However, if reasonable minds cannot differ as to whether the defendant's conduct breached its duty to exercise the requisite care, then summary judgment is available to the land possessor. On a motion for

4

summary judgment, the trial court must "examine[ ] the defendant's conduct, not in terms of whether it had a duty to take particular actions, but instead in terms of whether its conduct breached its duty to exercise the care required as a possessor of land." *Id*. The propriety of summary judgment must be assessed on a case by case basis, accounting for the circumstances surrounding Hicks' fall.

The caselaw makes clear that summary judgment, as far as the individual circumstances allow, is available under Fed. R. Civ. P. 56. Because the material facts of this case present sufficient evidence to determine that Ferguson is not liable as a matter of law, granting its Motion for Summary Judgment is proper.

### III. ANALYSIS

Ferguson moves for summary judgement of Hicks' negligence action on the grounds that there was no unreasonably dangerous condition. (R. 26 at 1.) Without an unreasonably dangerous condition present, Ferguson argues that it has no liability. (*Id.*) Hicks' response does not respond to Ferguson's unreasonably dangerous condition argument. Rather, Hicks argues that her injury was foreseeable to Ferguson. (R. 27 at 7.) Hicks asserts that because a reasonable jury could conclude that Ferguson could anticipate someone falling while on the side entrance's steps her negligence action should survive summary judgment. (*Id.* at 8.)

Hicks' argument once again conflates Kentucky's summary judgment standard with the applicable federal standard. As established by the relevant caselaw, the legal analysis here centers on whether the condition was unreasonably dangerous. Foreseeability is not the central issue. If a condition is not unreasonably dangerous as a matter of law, then the foreseeability of danger becomes immaterial to the liability analysis. Accordingly, the Court's analysis focuses on whether a breach of duty occurred under these established standards.

5

### A. Hicks' Negligence Claim

"The elements of a negligence claim are (1) a legally-cognizable duty, (2) a breach of that duty, (3) causation linking the breach to an injury, and (4) damages." *Patton v. Bickford*, 529 S.W.3d 717, 729 (Ky. 2016) (citation omitted). In negligence actions involving premises liability, there are different standards governing a landowner's conduct depending on the type of relationship the landowner has with the plaintiff. *See Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 908–909 (Ky. 2013); *Miracle v. Wal-Mart Stores E., LP*, 659 F. Supp. 2d 821, 825 (E.D. Ky. 2009) (citing *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996)). When a landowner owes a duty, determining breach may depend on the openness and obviousness of the condition that caused the plaintiff's injury. *See Shelton*, 413 S.W.3d at 910.

An open-and-obvious condition is one in which the danger is known or obvious. *Id.* at 906. The plaintiff knows of a condition when she is aware, "not only . . . of the existence of the condition or activity itself, but also appreciate[s] . . . the danger it involves." *Id.* (citation omitted). And the condition is *obvious* when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment. *Id.* (emphasis in original) (citation omitted).

The Kentucky Supreme Court altered the analysis for claims involving open-and-obvious dangers in its 2013 decision *Shelton v. Kentucky Easter Seals Society, Inc.,* 413 S.W.3d 901 (Ky. 2013). The Supreme Court provided clear steps to take in analyzing a premises liability claim involving an open-and-obvious hazard:

> 1) Along with the defendant's general duty of care, the defendant's duty is outlined by the relationship between the parties. *E.g.*, an invitor has a duty to maintain the premises in a reasonably safe condition in anticipation of the invitee's arrival.
>
> 2) Was the duty breached?

6

    AND

    3) Is the defendant's liability limited to some degree by the plaintiffs [sic] comparative negligence?

*Id.* at 908. *Shelton* holds that an open-and-obvious condition no longer eliminates a landowner's duty. *Id.* Rather, the central issue is whether the landowner breached their duty. *Id.* In deciding breach, the condition's obviousness is a "circumstance" to be factored under the standard of care. *Id.* No liability is imposed when the defendant is deemed to have acted reasonably under the given circumstances. *Id.*

    In this case, the side entranceway and step is an open-and-obvious condition. It is clearly visible, and has no hidden features. Its danger, that of the risk of falling, is obvious and inherent in all steps. Any reasonable store goer would know that the step up to the side entrance door, just like any other step or set of stairs, presents a small risk of falling. Because the side entranceway constitutes an open-and-obvious condition, the negligence analysis must proceed under the rules established in *Shelton* to determine whether Ferguson breached its standard of care.

    **i. Duty**

    Ferguson argues that its duty extends only to unreasonably dangerous conditions. (R. 26-1 at 3.) While its analysis regarding open-and-obvious conditions seems to be misplaced, its primary argument that there was no unreasonably dangerous condition is correct.

    A land possessor is subject to the general duty of reasonable care. *Shelton*, 413 S.W.3d at 908. Further, as a property owner, Ferguson has a more specific duty based on its relation to Hicks. *See Miracle v. Wal-Mart Stores E., LP*, 659 F. Supp. 2d 821, 825 (E.D. Ky. 2009) (quoting *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996)) ("Historically visitors upon property have been placed in one of three categories, viz., trespassers, licensees or invitees.").

"A person who comes on the land 'in some capacity connected with the business of the possessor' is an invitee." *Id*. (quoting *Scifres*, 916 S.W.2d at 781). "Generally speaking, a possessor of land owes a duty to an invitee to discover unreasonably dangerous conditions on the land and either eliminate or warn of them." *Shelton*, 413 S.W.3d at 909 (citing *Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 388 (Ky. 2010)).

In this case, Ferguson owed Hicks not only a general duty of reasonable care, but also the more specific duty to discover unreasonably dangerous conditions on its property. Hicks was a customer on the date of her fall, which makes her "in some capacity connected with" Feguson's business. *Scifres*, 916 S.W.2d at 781. Therefore, Hicks, as an invitee, was owed these duties by Ferguson. The question at the heart of this case becomes whether, as a matter of law, Ferguson completely satisfied the duty of care it owed to Hicks. *See Shelton*, 413 S.W.3d at 905.

**ii. Breach**

In deciding Ferguson's Motion for Summary Judgement, the Court must determine whether reasonable minds could differ as to whether Ferguson breached its duty of care. If reasonable minds can differ, summary judgment must be denied, as breach is typically a fact-intensive determination left to the jury. *Webb*, 413 S.W.3d 891, 916 (Ky. 2013). If reasonable minds cannot differ, granting summary judgment for Ferguson is proper. *Id*. The question for determining breach in this case is whether the side entranceway presents an unreasonably dangerous condition.

"Generally speaking, a possessor of land owes a duty to an invitee to discover unreasonably dangerous conditions on the land and either eliminate or warn of them." *Shelton,* 413 S.W.3d at 909. An unreasonable risk is one that is "recognized by a reasonable person in similar circumstances as a risk that should be avoided or minimized" or one that is

8

"in fact recognized as such by the particular defendant." *Id.* at 914. Put another way, "[a] risk is not unreasonable if a reasonable person in the defendant's shoes would not take action to minimize or avoid the risk. *Id.* Normally, an open-and-obvious danger does not create an unreasonable risk. *Id.*

In this case, granting summary judgment is proper because no reasonable mind could find that the side entrance presented an unreasonably dangerous condition. A reasonable business goer would not avoid the side entrance step when entering or exiting the store. In fact, the record reflects that the side entrance was commonly used by patrons. (R. 26-2 ¶ 36.) Stairs are an everyday occurrence. Negotiating steps in and out of a business' entrance is an ordinary aspect of being in public. The slight risk of falling on ordinary steps is one that individuals must accept as a usual part of going shopping. Subjectively, the record shows that Hicks was aware of the risk posed by the steps, as she had visited the store at least twice before. (R. 26-2 ¶ 38.)

Similarly, a person in Ferguson's shoes would not take action to minimize the risk posed by the side entrance, because the risk is negligible. The danger posed by a single step is slight, with the obvious risk being the potential to fall. Such a risk is open-and-obvious. *See Shelton*, 413 S.W.3d at 914. Given the fact that the single step was in proper working order and was not obstructed or slippery, it would be unfair to characterize it as an unreasonably dangerous condition. If this were to be the case, then nearly every activity involved with entering and exiting a place of business would become the potential basis for a negligence suit. Ferguson, by way of keeping the side entranceway and step dry, unobstructed, and in good working order, acted reasonably under the circumstances.

Notably, the side entrance step in this case presents a lesser hazard than the examples the Kentucky Supreme Court has deemed not to create an unreasonable risk. *See Shelton v. Ky. Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 914 (Ky. 2013) (finding that small potholes,

9

steep stairs leading to a business, or even a simple curb do not create an unreasonable risk). Ferguson could not have eliminated the hazard inherent in stairs, and no other dangerous conditions were present. To the extent that the single step presented a danger, it was open-and-obvious. Because the side entrance step is not an unreasonably dangerous condition, Ferguson, as a matter of law, did not breach the duty it owed to Hicks. Without a breach, Hicks' negligence claim fails.

## IV. CONCLUSION

Accordingly, the Court hereby ORDERS that Ferguson's Motion for Summary Judgment (R. 26) is GRANTED. The Court will enter a judgment consistent with this opinion.

This 17th day of December, 2025.

Signed By:
*Karen K. Caldwell*
United States District Judge