**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION AT PIKEVILLE**

| | |
|---|---|
| **DONNA HICKS,** | **CIVIL ACTION NO. 7:24-CV-37-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **FERGUSON ENTERPRISES, LLC D/B/A FERGUSON PLUMBING SUPPLY,** | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on Plaintiff Donna Hicks' Motion to Alter, Amend, or Vacate. (R. 31.) Now that this matter is fully briefed, it is ready for review. For the following reasons, Hicks' motion is denied.

## I.  BACKGROUND

Hicks' motion relates to the Court's December 17, 2025 Order granting Defendant Ferguson Enterprises, LLC's ("Ferguson") motion for summary judgment. (R. 29.) A detailed account of the facts is set forth in the Court's prior Order. (R. 30.) Relevant here, Hicks brought a negligence claim against Ferguson, arising from an alleged fall suffered at Ferguson's business. (R. 1 at 2.) At the close of discovery, Ferguson moved for summary judgment on all counts. (R. 26.) The Court's December 17, 2025 Order granted summary judgment in Ferguson's favor. (R. 29.) Hicks then timely filed the present motion. (R. 31.)

## II.  LEGAL STANDARD

"Motions for reconsideration generally are construed as motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e)." *Waid v. Snyder*, No. 18-1960, 2019 U.S. App. LEXIS 4839, at \*1 (6th Cir. Feb. 19, 2019); *see also Moody v. Pepsi-Cola Metro.*

*Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990) (construing a motion for reconsideration as a Rule 59(e) motion to alter or amend a judgment). The purpose of Federal Rule of Civil Procedure 59(e) is to allow a district court to correct its own mistakes. *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982).

Fed. R. Civ. P. 59(e) permits the court to alter or amend a final judgment if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)). Granting a Rule 59(e) motion is an extraordinary remedy that lies in the court's discretion. *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982) ("The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse."). Importantly, "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## III.   ANALYSIS

In her motion, Hicks asserts that the Court committed a clear error of law in dismissing her claims. (R. 33 at 1.) Hicks' Motion advances two main arguments as to why the Court should reconsider its previous Order: (1) the lack of handrails on the side entrance posed an unreasonable risk of injury; and (2) the "Danger Fall Hazard" sign at the nearby loading dock is evidence that Ferguson knew of the unreasonable risk. (R. 31 at 2.) In response, Ferguson asserts that Hicks' motion fails to meet any of the Rule 59(e) criteria. (R. 32 at 1–2.)

As a threshold matter, Hicks' disagreements with the Court's analysis do not constitute a proper basis for relief under Rule 59(e), because her motion is largely an attempt to relitigate issues or advance arguments that could have been raised previously. *Indians,*

2

146 F.3d at 374. Hicks' arguments about the handrail and fall sign are similar if not identical to the arguments raised at summary judgment. Specifically, her Response to Ferguson's Motion for Summary Judgment lays out a nearly identical argument to the one in her present Motion:

> . . . More importantly, what can also be seen in that photograph is that Ferguson did recognize a risk at the loading dock itself as a sign denoting "Danger Fall Hazard" can also bee [sic] seen in that photo when zoomed in (see Exhibit 2). Moreover, Ferguson's building has two further entrances located on the street facing side of the building (see Exhibit 3 and 4), each of which, are located at the same height from the ground as the loading dock and dock entrance. Each of these entrances however, employ both handrails and a ramp for elderly or otherwise infirm patrons such as Ms. Hicks and her husband who was with her at the time of her fall. As such, the only reasonable conclusion that can be drawn from the two street facing entrances is that Ferguson necessarily recognized or foresaw a danger for patrons entering and exiting their building, lest they would not have installed handrails and ramps on what are for all intents and purposes entrances identical to that at issue.

(R. 27 at 8–9.) This contention was already considered and resolved in the Court's December 17, 2025 Order. (*See* R. 29 at 7.) Because Hicks seeks to relitigate issues already resolved, her motion for reconsideration fails on this basis alone.

Even when addressing the merits of Hicks' arguments, she does not satisfy the Rule 59(e) standard. She argues that Ferguson, by installing a handicap accessible ramp and handrails on the two front entrances, recognized the unreasonable risk inherent in the side entrance step that did not have handrails. (R 31 at 2.) Hicks also asserts that it "appears evident" that Ferguson knew of the unreasonable risk. (*Id.*) She then concludes that the Court's determination that the side entrance was not an unreasonably dangerous condition is "incorrect." (R. 31 at 2.)

Even if the Court were to question Ferguson's decision to not place a handrail on the side entrance, Hicks has not shown how that would amount to a clear error of law under Rule 59(e). Hicks provides no evidence that Ferguson knew that its choice not to install handrails on the side entrance would pose an unreasonable risk of injury. In fact, Hicks herself states

that Ferguson installed the handrails on the front entrances "in order to comply with the building code." (*Id.*) This statement is consistent with Ferguson's Statement of Undisputed Facts and the record as a whole. (R. 26-2 at 8.) Maintaining compliance with building code by installing handrails on the front entranceways is not evidence that the side entranceway without handrails creates an unreasonably dangerous condition. Nor does Hicks present evidence that building code required a ramp or handrails to be installed on the side entrance. None of these assertions prove how the Court's determination regarding the side entrance is a clear error of law.

Hicks also asserts that the Court's Opinion fails to address the fact that there is a "Danger Fall Hazard" sign on the loading dock. (*Id.*) Hicks argues that the sign near the loading dock, which is the same height as the side entrance, is proof that Ferguson knew the steps without a handrail posed an unreasonable risk. (*Id.*) This argument fails for similar reasons as the first.

Hicks asserts that the loading dock and the side entrance are "at the same height from the ground." (*Id.*) However, a garage door opening on a loading dock is easily distinguishable from a building's side entrance. A loading dock has no step to get to ground level because it is not meant for ingress and egress; there is less to signal that a drop would be present; and the drop from the loading dock that does not have a step is much greater than that of the side entrance. (*Id.*) Further, the Court already considered the condition of the side entrance in combination with the safety measures put in place on the other entrances in its analysis and did not disregard them as Hicks suggests. (*See* R. 33 at 4; *see also* R. 29 at 2, 5.) Citing this fact about the fall sign does not present newly discovered evidence or raise a clear error of law for which a motion for reconsideration may be granted.

4

## IV.  CONCLUSION

The arguments presented in Hicks' motion do not alter the Court's previous determination because the Court did not make a clear error of law when it granted summary judgment in Ferguson's favor. If Hicks wishes to challenge the Court's determination that no reasonable jury could find the side entrance to be an unreasonably dangerous condition, the proper course of action is to seek appellate review. Accordingly, the Court hereby ORDERS that Hicks' Motion for Reconsideration (R. 31) is DENIED.

This 11th day of June, 2026.

**Signed By:**

*__Karen K. Caldwell__*

**United States District Judge**